**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

SHANNON BOYLE
ADC # 116113                                                                                               PLAINTIFF

v.                                          5:09-cv-00279-JMM-JJV

GAYLON LAY, Warden, Cummins Unit,
Arkansas Department of Correction; VERNON
ROBERTSON, Major, Cummins Unit, Arkansas
Department of Correction; DONALD TATE,
Captain, Cummins Unit, Arkansas Department
of Correction; PERCY ARNOLD, Lt., Cummins
Unit, Arkansas Department of Correction; and
MICHAEL MOSELEY, Cummins Unit,
Arkansas Department of Correction                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

1

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, alleging claims of excessive force and unconstitutional conditions of confinement. Because Plaintiff fails to state a claim, the Court recommends that Plaintiff's Complaint be dismissed with prejudice.

**I.    Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 562 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id.* at 570. In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

## II.    Evaluation of Plaintiff's Claims

Plaintiff states that on October 30, 2008, he "dashed" Officer Rana (not a named defendant) with urine and feces,[1] then hit Sgt. Crafford (also not a defendant) with a boiled egg. When Plaintiff was instructed to submit to handcuffs and refused, Defendant Lt. Michael Moseley sprayed Plaintiff and his cell mate, Steven Hicks, with "MKIX, OC" spray[2] "for not submitting to being handcuffed." *See* Doc. No. 2 at 10. Plaintiff continued to refuse to submit, because he states that next Defendants Major Vernon Robertson and Warden Gaylon Lay approached the cell and warned, "Catch the cuffs or I will shoot you." *Id.* at 11. Defendant Robertson then "shot" inmate Hicks with a taser or

---

[1] Under Arkansas law, "dashing" of a correctional officer is a class D felony of aggravated assault. ARK. CODE ANN. § 5-13-211 (1997).

[2] TakeDown® OC-Foam MK-IX combines a foam with OC (oleoresin capsicum) pepper spray.

equivalent electronic device and Hicks "caught the cuffs." Defendant Robertson also "shot" Plaintiff in the head and again directed him, "Catch the cuffs, or I will shoot you again."

The cell-extraction was halted at this point, until video cameras were retrieved to record the events. Plaintiff states that he twice more refused to "catch the cuffs" and was "shot" twice more. He states that he was "shot" a total of three times, but continued to refuse to submit to the handcuffs. Defendants Robertson and Lay then instructed Captain Day (not a defendant) to "deploy a stinger grenade" into the cell. Inmate Hicks was still inside the cell as well at this time, although he was handcuffed. Shortly after the grenade launch, Defendant Moseley opened the cell door to allow the extraction team to enter. Plaintiff was hit with an "electric shield" and "tackled to the floor." *Id*. Only then did Plaintiff allow the extraction team to handcuff and shackle him. Plaintiff states that after submitting, he was not allowed to stand, but rather was "dragged out of his cell, face down, through the same urine and feces he dashed the Officer with."

Plaintiff was taken to a "quiet cell" with a sink and running water, but was not allowed access to a decontamination shower. The "quiet cell" is for behavior control. Plaintiff stated he was left with only his urine- and feces-covered boxers to wear, and the air conditioning left the cell "freezing." Plaintiff had to pace to keep warm, and adds that his former cell mate, also in a "quiet cell," began convulsing because he was so cold and required medical attention. Plaintiff stated he remained in the "quiet cell" on behavior control for "approximately one week" without a mat or sheets, and subjected to bright lights twenty-four hours a day which caused sleep deprivation. Plaintiff describes the cell as "extremely unsanitary" with mice feces, mold, and possibly other feces on the walls, and he was not permitted supplies with which to clean it himself.

During that week Plaintiff was fed only the "alternative meal food loaf" without utensils. He stated the "alternative meals" were served frozen and "are so repulsive they are impossible to

4

…
…

eat." Also during this time, Plaintiff was not allowed toiletries, legal work, writing materials, or incoming mail. Each constitutional violation alleged will be addressed in turn below.

**III.    Analysis**

    **A.    Introduction**

As a preliminary matter, the Court notes that Plaintiff can assert only those claims which are personal *to him* and caused injury *to him*. Plaintiff does not have standing to assert claims of alleged injury to his cell-mate during the extraction or in behavior control, and the Court will not address those issues.

Plaintiff's own claims allege that more force was exerted than was reasonably necessary to subdue him and that he was subjected to cruel and unusual punishment when "dragged" through feces and urine. For the following reasons, the Court finds Plaintiff's claims without merit.

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burdens imposed by prisoner suits that too often are frivolous and without merit. *Jones v. Bock*, 549 U.S. 199 (2007); *Woodford v. Ngo*, 548 U.S. 81 (2006). One of the reforms enacted by the PLRA requires courts to conduct early screening of prisoner cases to eliminate claims that clearly lack merit. 28 U.S.C. § 1915A.

In enacting the PLRA, Congress chose not to impose any heightened pleading requirement for prisoner complaints, and, in this case, 42 U.S.C. § 1983 does not impose any such requirements. *Jones v. Bock*, 549 U.S. 199 (2007). Consequently, to state a cognizable claim, the complaint needs only to meet the minimal requirements of Fed.R.Civ.P. 8(a), which are that it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 92 (2007)(*per curiam*). In addition, when a prisoner is proceeding *pro se*, the court is obligated to construe the complaint liberally and hold it to a less stringent standard than what would

be required of attorneys. *Id.* at 94. The court may not dismiss a *pro se* complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999); *see also Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir. 1988). While the pleading requirements are minimal and complaints are to be liberally construed, courts must be vigilant in allowing prisoners to proceed only with those claims that state a cognizable claim, that seek relief from a non-immune party, and that are not obviously baseless, frivolous, or malicious. *Edwards v. Snyder*, 478 F. 3d 827, 830 (7th Cir. 2007).

"A complaint is frivolous if it lacks an arguable basis in law or fact." *Martinez v. Turner,* 977 F.2d 421, 423 (8th Cir. 1992)(*citing Nietske v. Williams*, 490 U.S. 319, 325 (1989)). "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory." *Id*. And, in terms of whether there is an arguable basis in fact, the court may disregard any factual allegations that are clearly fanciful, fantastic, or delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992); *Edwards, supra* at 829-830 (discussing the difference between factual and legal frivolousness). Although the court is obligated to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law.

    **B.**    **Excessive Force Claims**

Plaintiff reports that after throwing food, feces, and urine at the guards, he refused to submit to handcuffs or exit the cell as ordered. He now believes it was a violation of his civil rights to be forcibly removed from his cell. He also objects to having gotten the same urine and feces on himself while exiting the cell. Plaintiff's own recitation of the facts surrounding these events clearly shows that circumstances necessitated the use of force to keep order – circumstances arising solely from

6

the Plaintiff's own actions.

Plaintiff was the cause of his own harm and any harm was the result of prison guards exercising necessary force to subdue Plaintiff. The events begin with Plaintiff "dashing" several officers with bodily fluids. He then refused to submit to handcuffs. In response to his defiance, guards sprayed Plaintiff with a chemical agent in an effort to subdue him. When Plaintiff continued to fail to submit, the officers reacted with escalated force, up to the launch of a stinger grenade into the cell. Plaintiff described himself in his Complaint as an "unarmed inmate . . . forcibly removed from his cell" in violation of his rights to due process. However, he also acknowledged throughout his Complaint that he would not submit to handcuffs until the extraction team entered his cell and tackled him to the floor. Accordingly, the Court recommends a finding that Plaintiff's claims of excessive force are legally frivolous.

C.   **Conditions of Confinement Claims**

Plaintiff states he was kept in behavior control in the "quiet cell" for approximately a week. He claims that the prison's response was in excess of the prison policy maximum of 72 hours. The Court finds that Plaintiff's allegation fails to state a claim upon which relief may be granted.

In *Sandin v. Connor*, 515 U.S. 472 (1995), the Supreme Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. Recognizing, however, that states may themselves create certain protected liberty interests, the Supreme Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483.

Following *Sandin*, the United States Court of Appeals for the Eighth Circuit held in *Kennedy*

*v. Blankenship*, 100 F.3d 640, 642 (1996), that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'" The plaintiff's placement in punitive isolation was not considered atypical and significant even though the prisoner faced restrictions in privileges regarding mail, telephone, visitation, commissary, and personal possessions. Furthermore, in *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003), the Court stated, "We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship," and held that the absence of contact visitation, exercise privileges, and chapel rights for 37 days did not constitute an atypical and significant hardship. Most recently, this Court has found at screening that a demotion to administrative segregation/behavioral control status for five days did not amount to a constitutional violation. *Williams v. Cox*, No. 2-09-cv-00094 JMM-HLJ, 2009 WL 2762488 (E.D. Ark. August 28, 2009).

Accordingly, the Court concludes that Plaintiff's placement in "behavior control" for "approximately a week" does not allege a deprivation which qualifies as atypical and significant. Within the context of *Sandin*, *supra*, Plaintiff's confinement does not state a Fifth Amendment deprivation of liberty violation or an Eighth Amendment cruel and unusual punishment claim.

As for Plaintiff's other issues raised in the context of his *Sandin* claim, they too must be dismissed because he has stated no actual injury as a result of the allegedly unconstitutional conditions. A prisoner cannot sustain an Eighth Amendment claim unless he can show that he suffered some "actual injury." *See White v. Holmes*, 21 F.3d 277, 281 (8th Cir.1994)("[w]hile a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation"). The Prison Litigation Reform Act provides that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

8

suffered while in custody, *without a prior showing of physical injury*. 42 U.S.C. § 1997e(e) (emphasis added). Here, while Plaintiff has complained about the unsanitary conditions and cold temperatures in his cell, he has not alleged any physical injury that occurred as a result of these conditions. In the absence of actual injury, the Court recommends a finding that Plaintiff's claim on this point is barred by statute.

      **D.**      **Alternative Meal Food Loaf Claims**

Plaintiff alleges that his placement on meal loaf constitutes cruel and unusual punishment and violates his Eighth and Fourteenth Amendment rights. To prevail on a Fourteenth Amendment due process claim, Plaintiff must first demonstrate that he was deprived of life, liberty or property by government action. *Phillips, supra* at 846-847 (8th Cir. 2003). Because there is no allegation that he was deprived of life or property, plaintiff must identify a liberty interest to sustain his due process claim – which returns us to the "atypical and significant hardship" standard out lined in *Sandin*, supra. In *Sandin*, the Supreme Court disapproved a district court case suggesting that an inmate had a due process right not to be placed on food loaf. *Id*. at 482-83. Because Plaintiff has no liberty interest to be free from placement on meal loaf, his due process claim fails as a matter of law.

The Eighth Amendment requires prison officials to provide humane conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id*. To prevail on an Eighth Amendment claim, an inmate must prove both an objective and a subjective element. *Simmons v. Cook,* 154 F.3d 805, 807 (8th Cir. 1998). "First, the alleged deprivation, objectively, must be 'sufficiently serious'; the prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'; or the prison official must incarcerate the inmate under

conditions 'posing a substantial risk of serious harm.'" *Id*. at 807 (quoting *Farmer*, 511 U.S. at 834). "Second, the prison official, subjectively, must act with 'deliberate indifference' to inmate health or safety." *Id*. (quoting *Farmer*, 511 U.S. at 834).

Plaintiff's Eighth Amendment claim fails as a matter of law because there is no allegation that he was deprived of adequate amounts of food, that the food loaf was unsanitary, or that he became ill or suffered any physical injury attributable to the food loaf diet. Plaintiff does not even allege that he did not eat the alternative meals. Rather, it appears that Plaintiff did not want to eat the meal loaf because he found it unappetizing. That Plaintiff disliked the food, however, does not mean it was constitutionally inadequate.

## IV. Conclusion

For all these reasons,

IT IS, THEREFORE, RECOMMENDED that Plaintiffs's Complaint (Doc. No. 2) be DISMISSED and all pending motions be DENIED as moot.

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith, and that dismissal of this action constitutes a "strike" for the purposes of 28 U.S.C. § 1915(g).

DATED this 18th day of November, 2009.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE